* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Glenn with minor modifications.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The North Carolina Industrial Commission has jurisdiction over the parties and the subject matter in this case. All the parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Deputy Commissioner George T. Glenn, II entered an Opinion and Award in this matter on September 25, 2000, which was not appealed by defendant.
3. Defendant claimed he did not receive notice of the August 25, 2000 hearing before Deputy Commissioner Glenn. Pursuant to the February 1, 2005 Order by Chairman Buck Lattimore, this matter was heard by Deputy Commissioner Glenn on March 6, 2006 to determine if defendant had notice of the August 25, 2000 hearing before the deputy commissioner.
4. Defendant was asked at the beginning of the March 6, 2006 hearing before the deputy commissioner for his current address, and the address he was living at in August 2000. Defendant stated that his address for the last 14 to 20 years has been either P.O. Box 147, Elkin, North Carolina 28621 or P.O. Box 8042 High Point, North Carolina 27264 and that he would receive mail sent to either of these addresses.
5. Notice of the hearing before the deputy commissioner held on August 25, 2000 was sent to defendant at P. O. Box 147, Elkin, North Carolina 28621.
6. Notice of the March 6, 2006 hearing before the deputy commissioner was sent to defendant by both regular mail and certified mail with return receipt requested. Defendant did not pick up the notice that was sent to him as certified with return receipt requested. Defendant stated he was not notified by the postal service to claim the hearing notice from the United States Post Office. Defendant stated he received notice of hearing by regular mail, which was mailed to defendant at P.O. Box 147, Elkin, North Carolina 28621.
7. Plaintiff's attorney produced a number of letters and other documents that she sent to defendant at his address, P.O. Box 147, Elkin, North Carolina 28621, that defendant failed to claim from the Post Office when it was sent certified mail with return receipt requested but she never had any mail returned when it was sent by regular mail to the same address.
8. A copy of the Opinion and Award dated September 25, 2000 was sent to defendant at P.O. Box 147, Elkin, North Carolina 28621, along with other orders of the North Carolina Industrial Commission.
9. Defendant did not respond to any notices sent to him at P.O. Box 147, Elkin, North Carolina 28621 until plaintiff caused an execution to be issued against real property that defendant owned. In that matter defendant did not claim a letter sent to him by the Sheriff of Surry County, North Carolina. The property had to be posted because defendant failed to respond to notices sent to him by mail.
10. Notice of the August 25, 2000 hearing before the deputy commissioner in this matter was sent to defendant at his address at P.O. Box 147, Elkin, North Carolina 28621. Defendant had notice of that hearing and failed to appear.
11. Based upon defendant's testimony at this hearing, defendant has a pattern of not accepting any mail that is sent to him certified with a return receipt requested, and this is the kind of pattern that one undertakes to avoid receiving legal notices of legal matters pending.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Pursuant to North Carolina Industrial Commission Rule 611, defendant received proper and timely notice of the August 25, 2000 hearing of this matter.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendant is not entitled to have the prior Opinion and Award set aside because he received proper and timely notice of the prior hearing.
2. Defendant shall pay the costs.
This the 14th day of November, 2006.
S/_________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER